UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
TRUSTEES OF THE PLUMBERS LOCAL
UNION NO. 1 WELFARE FUND,
ADDITIONAL SECURITY BENEFIT
FUND, VACATION & HOLIDAY FUND,
TRADE EDUCATION FUND AND 401(K)
SAVINGS PLAN, TRUSTEES OF THE
PLUMBERS AND PIPEFITTERS
NATIONAL PENSION FUND, TRUSTEES
OF THE INTERNATIONAL TRAINING
FUND and GEORGE W. REILLY, as
Business Manager of LOCAL UNION NO. 1
OF THE UNITED ASSOCIATION OF
JOURNEYMEN AND APPRENTICES OF
THE PLUMBING AND PIPEFITTING
INDUSTRY OF THE UNITED STATES
AND CANADA,

**MEMORANDUM AND ORDER**
Case No. 08-CV-3036 (FB) (RML)

                Plaintiffs,

    -against-

MANHATTAN PLUMBING CORP. and
HENRY PLEMPER,

                Defendants.
---------------------------------------------------------x

*Appearances:*
*For Plaintiffs:*
CHARLES R. VIRGINIA, ESQ.
Barnes, Iaccarino, Virginia, Ambinder &
Shepherd, PLLC
111 Broadway, Suite 1403
New York, NY 10006

**BLOCK, Senior District Judge:**

        Proceeding under the Employee Retirement Income Security Act of 1974 ("ERISA"), plaintiffs – the trustees of union welfare funds ("the Funds") – sue defendants, Manhattan Plumbing Corp. ("Manhattan") and Henry Plemper ("Plemper"), for failure to make required contributions to the Funds. Despite proper service, *see* Docket Entry Nos. 2 & 4 (affidavits of service), defendants

have not answered the complaint.

Pursuant to Federal Rule of Civil Procedure 65, the Funds seek a preliminary injunction (1) prohibiting defendants from disposing of Manhattan's assets and (2) authorizing the Funds to examine defendants' books to trace assets to which the Funds have a claim. On December 2, 2009, the Court issued an order to show cause why the Funds' request should not be granted.

Defendants did not appear at the hearing on the order to show cause. The Court reserved ruling on the request for a preliminary injunction and directed the Funds' counsel to document their attempts to serve the order to show cause on defendants. In response, the Funds' counsel filed affidavits attesting that the order was sent by overnight delivery to the address on file with the New York Department of State (the same address where defendants were served with the initial summons and complaint), but that it was returned undelivered, with a notation that the recipient had moved. Counsel further attested that they were unable to find another address for defendants.

For the following reasons, the Court concludes that defendants received adequate notice of the Funds' request for a preliminary injunction, and that the request should be granted in part. In addition, the Court *sua sponte* refers the matter to the assigned magistrate judge for determination of the final relief to be awarded.

**I**

Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "[S]ervice by mail ordinarily is adequate to provide reasonable notice." *See SEC v. Jett*, 514 F. Supp. 2d 532, 536 (S.D.N.Y. 2007) (citing, *inter alia*,

*Dusenbery v. United States*, 534 U.S. 161, 170 (2002)); *see also* Fed. R. Civ. P. 5(b)(2)(C) (authorizing service of motion by "mailing it to the person's last known address – in which event service is complete upon mailing").

In *Jones*, the Supreme Court held that "when mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is reasonable to do so." 547 U.S. at 225. The issue of *initial* notice of government action, however, is materially distinguishable from the issue of notice in a pending lawsuit; the Court does not glean from *Jones* any intent to overrule, *sub silentio*, Rule 5(b)(2)(C) and the well-established rule that once an individual is made party to a suit, he has a "responsibility to notify the court of any change in address." *Pierce v. Ross*, 1995 WL 129176, at *2 (E.D.N.Y. Mar. 17, 1995). Even assuming that the rule announced in *Jones* were to apply here, it was satisfied: Defendants are no longer at the address to which the order to show cause was sent, the Funds have attested that they have been unable to find a more current address, and the Supreme Court in *Jones* rejected the argument that due process requires tracking down a party whose last known address is no longer current. *See* 547 U.S. at 235-36 ("Jones believes that the Commissioner should have searched for his new address in the Little Rock phonebook and other government records such as income tax rolls. We do not believe the government was required to go this far.").

In sum, the Court is satisfied that the attempts to serve the order to show cause on defendants, though unsuccessful, were "reasonably calculated to reach the intended recipient[s]." *Jones*, 547 U.S. at 226.

## II

A preliminary injunction under ERISA is subject to the usual standards, requiring "the showing of (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2)

sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Communications Workers of Am. v. NYNEX Corp.*, 898 F.2d 887, 891 (2d Cir. 1990) (citation and internal quotation marks omitted). In ERISA cases, courts have often found "irreparable harm threatened, in part, by a defendant employer's bleak financial condition." *Demolition Workers Union v. Mackroyce Contracting Corp.*, 2000 WL 297244, at *9 (S.D.N.Y. Mar. 22, 2000) (citation and internal quotation marks omitted); *see also Seide v. Crest Color, Inc.*, 835 F.Supp. 732, 735-36 (S.D.N.Y. 1993); *Hotel Employees & Restaurant Employees Int'l Union Welfare/Pension Funds v. Cactus Club, Inc.*, 754 F. Supp. 539, 545-46 (E.D. Mich. 1991).

The Funds have averred that remittance reports from defendants and a preliminary audit "yield a total principal delinquency owed to the Plaintiff Funds in the amount of $95,420.04," Aff. of Walter Saraceni ¶ 28, and that Plemper told the Funds' counsel on July 15, 2008, that "Manhattan would be going out of business." Aff. of Michael Desantis ¶ 6. These averments – which are undisputed – are sufficient to show both a likelihood of success on the merits and irreparable harm if Manhattan's assets are depleted; accordingly, an injunction prohibiting the disposal of the assets is warranted.

With respect to the request for an examination of defendants' books, the Court finds no irreparable harm. Although ordering an audit is undoubtedly within the Court's equitable powers, *see Central States, Southeast & Southwest Areas Pension Fund v. Central Trans., Inc.*, 472 U.S. 559, 569 (1985), there is no evidence that defendants' books will not be available for inspection unless an audit takes place immediately. The Funds remain free to request an audit in the normal course of this litigation.

**III**

Although defendants have failed to answer or otherwise appear, the Funds have not moved for a default judgment. Federal Rule of Civil Procedure 55(b)(2) provides that "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of application"; however, the rule does not apply where "there is no motion for default pending and where the court, on its own motion, found a party to be in default for a failure to appear." *Goldman, Antonelli, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.*, 982 F.2d 686, 692 (1st Cir. 1993); *accord Anilina Fabrique de Colorants v. Aakash Chems. & Dyestuffs, Inc.*, 856 F.2d 873, 877 (7th Cir. 1988).

Waiting for the Funds to file a formal motion for default judgment would serve no purpose; indeed, given the uncertainty of Manhattan's financial status, a prompt resolution of the Funds' claims is in order. Accordingly, the Court *sua sponte* declares defendants in default.

**IV**

The Funds' request for a preliminarily injunction is granted in part. Defendants are enjoined from selling, transferring or otherwise disposing of Manhattan's assets, outside the ordinary course of business, without the approval of the Court or the express, written consent of the Funds. This injunction shall be dissolved without further action by the Court if defendants deposit into the registry of the Court the sum of $95,420.04 or file a stipulation, signed by all parties, that alternative security arrangements have been made. The Funds' request for an immediate audit of Manhattan's books is denied without prejudice. The matter is referred to the assigned magistrate judge for a determination of the final relief to be awarded.

**SO ORDERED.**

                                                        _____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 28, 2009