UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x
TRUSTEES OF THE PLUMBERS LOCAL
UNION NO. 1 WELFARE FUND,
ADDITIONAL SECURITY BENEFIT
FUND, VACATION & HOLIDAY FUND,
TRADE EDUCATION FUND AND 401(K)
SAVINGS PLAN, TRUSTEES OF THE
PLUMBERS AND PIPEFITTERS
NATIONAL PENSION FUND, TRUSTEES
OF THE INTERNATIONAL TRAINING
FUND and GEORGE W. REILLY, as
Business Manager of LOCAL UNION NO. 1
OF THE UNITED ASSOCIATION OF
JOURNEYMEN AND APPRENTICES OF
THE PLUMBING AND PIPEFITTING
INDUSTRY OF THE UNITED STATES
AND CANADA,

**MEMORANDUM AND ORDER**
Case No. 08-CV-3036 (FB) (RML)

      Plaintiffs,

 -against-

MANHATTAN PLUMBING CORP. and
HENRY PLEMPER,

      Defendants.
-------------------------------------------------------x

*Appearances:*
*For Plaintiffs:*
CHARLES R. VIRGINIA, ESQ.
Barnes, Iaccarino, Virginia, Ambinder &
Shepherd, PLLC
111 Broadway, Suite 1403
New York, NY 10006

**BLOCK, Senior District Judge:**

    Plaintiffs are the trustees of several employee-benefit funds. Pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, they seek to recover delinquent contributions to the funds from defendants Manhattan Plumbing Corp. ("Manhattan") and Henry Plemper ("Plemper"). Following notation of defendants' default, the

Court referred the matter to Magistrate Judge Levy for a report and recommendation on the relief to be awarded.

On October 8, 2009, the magistrate judge issued a Report and Recommendation ("R&R") recommending that judgment be entered against Manhattan only in the amount of $64,970.51, that both defendants be enjoined from disposing of Manhattan's assets, and that both defendants allow plaintiffs to audit Manhattan's books. Plaintiffs timely objected the R&R, challenging only Magistrate Judge Levy's recommendation that Plemper not be held individually liable for the money judgment. Reviewing that issue *de novo*, *see* 28 U.S.C. § 636(b)(1), the Court adopts the R&R with one exception.

# I

Plaintiffs offered two theories of individual liability to Magistrate Judge Levy: (1) that the relevant collective bargaining agreements ("CBAs")[1] imposed individual liability, and (2) that Plemper was individually liable as a fiduciary of the funds under ERISA. Although the magistrate judge recommended rejecting both theories, plaintiffs challenge the recommendation only with respect to the latter.

Under ERISA, "a person is a fiduciary with respect to a plan to the extent ... he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A). The Second Circuit recently held that a fiduciary liability claim requires the plaintiff to show "that (1) the unpaid contributions were plan assets and (2) [the defendant] exercised a level of control over those assets sufficient to make him a fiduciary." *In re Halpin*, 566 F.3d 286, 289 (2d

---

[1] The relevant CBAs consist of (1) the "Building Trades Agreement," or "BTA," and (2) the "Mechanical Equipment and Service Agreement," or "MES."

Cir. 2009). The circuit court further held that "in the absence of provisions to the contrary in the relevant plan documents, unpaid contributions are not assets of the plan." *Id.* at 287.

Before applying *Halpin*, Magistrate Judge Levy noted that plaintiffs had alleged fiduciary liability with respect to some funds (the "Local 1 Funds"), but not others (the Plumbers and Pipefitters National Pension Fund, or "PPNPF," and the International Training Fund, or "ITF"). *See* R&R at 15. That observation is borne out by the record: The complaint alleges that "defendant Plemper was a fiduciary of the Local 1 Funds," Compl. ¶ 64; there is no corresponding allegation for the PPNTF or the ITF.[2]

Plaintiffs concede their error, but argue that "Plemper was not prejudiced in any way by that omission" because "[t]he Complaint unambiguously placed Plemper on notice that all of the Funds, including the PPNPF and ITF, were seeking to hold him personally liable." Pls.' Objection to R&R at 9 (citing Compl. ¶¶ 42, 47, 53, 58). The allegations cited, however, deal only with plaintiffs' theory that Plemper is individually liable under the terms of the CBA.

In the context of a default judgment, plaintiffs' omission is not, as they contend, a "technical[] issue concerning the pleadings." *Id.* There is no support for the proposition that a defaulting defendant admits allegations which could have been made, but were not. *Cf. Kucher v. Alternative Treatment Ctr.*, 2009 WL 1044626, at *4 (E.D.N.Y. Mar. 27, 2009) ("It would be improper to enter default judgment on the Amended Complaint, which defendants have no notice of, based on what may have been a tactical decision to ignore the poorly pled Original Complaint."). Accordingly, the Court agrees with the magistrate judge that plaintiffs are not entitled to a judgment

---

[2]By contrast, the complaint alleges that Plemper is individually liable under the terms of the CBAs with respect to all funds. *See* Compl. ¶¶ 42 ("Accordingly, Plemper is personally liable to the Local 1 Funds...."), 53 ("Accordingly, Plemper is personally liable to the [PP]NPF and ITF...."). As noted, Plaintiffs have not challenged the magistrate judge's recommended rejection of that theory.

holding Plemper individually liable for delinquent contributions to the PPNPF and ITF.

With respect to the Local 1 Funds, Magistrate Judge Levy recognized that the declarations of trust creating the funds "clearly state" that the funds' assets include "sums of money that . . . are due and owing to the Fund by the Employers as required by the Collective Bargaining Agreements." R&R at 15 (citations and internal quotation marks omitted). He then found, however, an inconsistency between the trust declarations and the BTA, which describes unpaid contributions, not as assets, but as "monies owing," "fringe benefits and contributions," and "payment[s]." *Id.* at 16 (citing BTA at 13-14). In addition, the BTA provides that a default in the payment of contributions will be "considered the same as failure to pay wages." *Id.* (quoting BTA at 14). Citing a provision of the BTA providing that its terms controlled in cases of inconsistency, *see* BTA at 70, the magistrate judge concluded that plaintiffs had failed to establish that unpaid contributions to the Local 1 Fund were assets of the funds.

The Court perceives no inconsistency between the trust declarations and the BTA. The BTA creates the obligation to pay and, therefore, quite sensibly describes the required contributions as such. Conceptually speaking, nothing precludes "contributions," "payments" or sums of "monies owing" from being deemed assets of a trust fund. Indeed, the trust declarations define the assets of the Local 1 Funds using very similar terminology, i.e., "sums of money that . . . are due and owing." Nor is the provision of the BTA treating the failure to make contributions as a "failure to pay wages" inconsistent with the trust declarations; the provision's effect is limited to prohibiting union members from working for the defaulting employer. *See* BTA at 14 ("[The failure to pay fringe benefits] shall be considered the same as failure to pay wages, and all Employees shall not be permitted to work for any Employer who is delinquent in payment of fringe benefits."). Thus, the Court concludes that the BTA does not trump the plain language of the trust declarations

4

defining "assets" to include contributions due and owing.

The second element of the *Halpin* test – that the defendant "exercised a level of control over those assets sufficient to make him a fiduciary," 566 F.3d at 289 -- is easily satisfied by plaintiffs' allegations -- now deemed admitted -- that Plemper "exercised operational control of Manhattan," "was responsible for deciding whether to pay benefit contributions to the Local 1 Funds, and "caused the defendant Manhattan to use [the] withheld assets for purposes other than making contributions to the Local 1 Funds." Compl. ¶¶ 62-63. *See Pension Ben. Guar. Corp. v. Solmsen*, 671 F. Supp. 938, 944-45 (E.D.N.Y. 1987) ("[m]ost significant[]" factor is whether defendant "was responsible for authorizing and making payments to the Plan").

In sum, the Court concludes that plaintiffs have established that Plemper is individually liable as a fiduciary with respect to the Local 1 Funds, but not with respect to the PPNPF or the ITF. Such liability includes unpaid contributions, interest, liquidated damages, attorney's fees and costs. *See* 29 U.S.C. § 1132(g)(2).[3]

## II

Even in the absence of an objection to an R&R, the Court may conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v.*

---

[3]Magistrate Judge Levy calculated the unpaid contributions, interest and liquidated damages for each fund; for the Local 1 Funds, these amounts total $49,010.25. By contrast, his recommended award of attorney's fees and costs of $10,015.68 covers all of the funds. Since the Court has concluded that Plemper is individually liable with respect to the claims of only the Local 1 Funds, the question arises whether he should be liable for only the portion of fees and costs attributable to those claims. Having reviewed plaintiffs' counsel's billing records, the Court concludes that it is not possible to apportion the work performed to particular funds; therefore, Plemper will be liable for the entire award. *See Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir. 1996) ("Where the district court determines that the successful and unsuccessful claims are inextricably intertwined and involve a common core of facts or are based on related legal theories, it is not an abuse of discretion for the court to award the entire fee." (citation, internal quotation marks and alterations omitted).

*Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).  As no such error appears here, the Court adopts the remainder of the R&R without *de novo* review.

**III**

Magistrate Judge Levy's R&R is adopted as modified.  Accordingly, the Clerk is directed to enter judgment as follows:

1. Plaintiffs are awarded $42,748.92 in unpaid contributions and wage deferrals, $4,147.94 in interest, $8,057.97 in liquidated damages, $9,420.78 in attorney's fees, and $594.90 in costs, for a total of $64,970.51.

2. Defendants shall be jointly and severally liable for $59,025.93 of the judgment amount.  Defendant Manhattan Plumbing Corp. shall be solely liable for the remainder of $5,944.58.

3. Defendants are permanently enjoined from selling, transferring or otherwise disposing of the assets of defendant Manhattan Plumbing Corp., outside the ordinary course of business, without court approval or plaintiffs' express, written consent.

4. Defendants shall allow plaintiffs to audit the general and specific books and accounts, including supporting documentation, of defendant Manhattan Plumbing Corp.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 2, 2010